JOSEPH ORIFICE, ASSIGNEE OF EDMUND BAUM AND MYRON BAUM, TRADING AS PENNSYLVANIA TEXTILE CO., PLAINTIFF-RESPONDENT, v. AYVAD WATER-WINGS, INC., A CORPORATION OF NEW JERSEY, DE-FENDANT-APPELLANT.

Argued January 6, 1946—Decided April 25, 1946.

For the plaintiff-respondent, *Fredman & Fredman (Jacob J. Levey,* of counsel).

For the defendant-appellant, *Lichtenstein & Engel.*

The opinion of the court was delivered by

FREUND, J. The defendant appeals from a judgment of the Supreme Court affirming the judgment entered in the Hudson Common Pleas, in favor of the plaintiff and against the defendant.

We have considered the grounds of appeal submitted by the appellant and find them without merit.

The neglect and failure of the defendant to file an affidavit of merits within time is the point at issue under appeal. The defendant, by an *ex parte* affidavit, admits that on May 25th, 1945, the summons and complaint was served on the defendant and that endorsed thereon was a demand for an affidavit of merits. On June 9th, 1945, the summons and complaint was delivered by defendant to its attorney, who then called to the attention of the defendant that a demand had been made for the filing of an affidavit of merits but that it was

then too late to file the affidavit of merits within time. On defendant's failure to file the affidavit of merits within time, the plaintiff proceeded with the entry of a summary judgment.

The defendant then brought the matter on for hearing before the trial court by notice of motion and an *ex parte* affidavit, in an application (a) to file its affidavit of merits within time, and (b) to extend the time of the defendant within which to answer, in that the defendant had a defense and did not understand that it was required to file an affidavit of merits within ten days after service upon it of the summons and complaint. The record before us discloses no proof of service of the moving papers upon the plaintiff.

The vice-president and treasurer of the defendant corporation made the affidavit annexed to the motion aforesaid, wherein he said:

"I read over the summons and complaint, and ascertained what the suit was about. I noted that the company was required to file answer within twenty days after service, but I did not understand that affidavit of merits was required to be filed within ten days after service."

We agree with the court below that the admitted failure of the defendant to read a notice endorsed on the summons and complaint is clear neglect. The trial court may relax the rules where surprise or injustice to a litigant would work hardship but certainly not where the defendant was admittedly neglectful. *Vigilantibus non dormientibus jura subveniunt.*

There is no proof or evidence before us to determine the merits of the defendant's contentions, except an *ex parte* affidavit in support of the defendant's motion aforesaid. The *ex parte* affidavit had spent itself and lost its efficacy on the hearing of defendant's motion. An *ex parte* affidavit is not competent to prove the facts necessary to support a motion not of course; such facts can be brought before the court only by depositions taken on notice. But no such depositions were ever taken and to proceed only on an *ex parte* affidavit would deprive the litigants of the opportunity of cross-examination. *Peer* v. *Bloxham*, 82 *N. J. L.* 288; *The Hunterdon County National Bank* v. *Packer*, 121 *Id.* 24; *Kantor* v. *Perth*

*Amboy,* 122 *Id.* 588; *Paterson Stove Repair Co.* v. *Ritzer,* 123 *Id.* 145; *Goldstein* v. *Weir,* 124 *Id.* 327; *Kravitz Manufacturing Corp.* v. *Style-Kraft Shirt Corp.,* 127 *Id.* 253. An examination of the foregoing recently reported cases will disclose the practice which should have been followed in the instant case.

Our conclusion is that there is no proof or evidence before this court which could be properly used in a determination of this controversy upon its merits.

The judgment below will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WELLS, DILL, FREUND, JJ. 8.

*For reversal*—HEHER, PERSKIE, RAFFERTY, McGEEHAN, JJ. 4.